The Honorable Tiffany M. Cartwright

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SWINOMISH INDIAN TRIBAL COMMUNITY and SQUAXIN ISLAND TRIBE, federally recognized Indian tribes,

Plaintiffs,

v.

NATIONAL MARINE FISHERIES SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE,

Federal Defendants.

Case No. 2:26-cv-02473-TMC

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. 8(b), Federal Defendants National Marine Fisheries Service ("NMFS") and United States Fish and Wildlife Service ("FWS") submit the following Answer in response to Plaintiffs' Complaint, Dkt. No. 1. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

The allegations of fact in the Complaint and any responses in this Answer are not relevant to judicial review, as this case is governed by the Administrative Procedure Act (APA), 5 U.S.C. § 706. *See, e.g.*, *Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001)


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

("W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

1. The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required. Federal Defendants deny the allegations in the second sentence of this paragraph.

2. The allegations in the first sentence of this paragraph, and the citation that follows, characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation that follows, characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

3. The allegations in this paragraph characterize rescinded regulations in the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

4. Federal Defendants deny the allegations in this paragraph.

5. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second, third, and fourth sentences of this paragraph, and the citations that follow, characterize the ESA, which speaks for itself and is the best evidence of its contents.

6. The allegations in the first sentence of this paragraph are vague and ambiguous, in that Plaintiffs do not say what they mean by "effectively and consistently," and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The second and third sentences of this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

7. The allegations in the first and second sentence of this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph characterize decisions of federal courts, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of this paragraph also contain legal conclusions to which no response is required.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

8. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in this paragraph also contain legal conclusions to which no response is required.

9. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

10. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

11. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are vague and ambiguous, in that it is not clear to which species and habitats the allegations refer, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

12. The allegations in this paragraph are vague and ambiguous, in that it is not clear to which species and habitats the allegations refer, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

13. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, and fourth sentences of this paragraph.

14. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph are vague and ambiguous, in that it is not clear to which species and habitats the allegations refer, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

15. The allegations in this paragraph are legal conclusions to which no response is required.



U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

16. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph are vague and ambiguous, in that Plaintiffs do not identify the "permitting processes" they claim they are unable to participate in, and in what capacity, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

17. Federal Defendants deny the allegations in this paragraph.

18. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second sentence of this paragraph.

19. The allegations in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

20. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

21. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

22. Federal Defendants admit that the Swinomish Reservation is located near the mouth of Skagit River and that Skagit River is the largest river system draining to Puget Sound. Federal Defendants deny the remaining allegations in this paragraph.

23. The allegations in the first and second sentences of this paragraph, and the citations following those sentences, characterize a treaty and a decision of this Court, which speak for themselves and are the best evidence of their contents. Federal Defendants admit the allegations in the third sentence of this paragraph.

24. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are vague and ambiguous, in that Plaintiffs do not identify what they mean by consistent enforcement or to which specific fisheries they refer, and therefore Federal

Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

25. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

26. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second and third sentences of this paragraph are vague and ambiguous, in that the allegations do not identify which species' recovery they claim will be inhibited or which non-ESA-listed fish they claim are affected, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

27. The allegations in the first and fourth sentences of this paragraph are vague and ambiguous, in that the allegations do not what significant resources they have invested in species recovery and how they claim those efforts will be undermined, or what they mean by "robust" input and "effective" mitigation, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second and third sentences of this paragraph characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph also contain legal conclusions to which no response is required.

28. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

29. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second, third, and fourth sentences of this paragraph characterize biological opinions or other materials from consultations, which speak for themselves and are the best evidence of their contents.

30. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph with respect to Plaintiff the Swinomish Indian Tribal


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

Community's ("Swinomish") beliefs. The remaining allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

31. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

32. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

33. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. Federal Defendants admit the allegations in the fourth sentence of this paragraph.

34. The allegations in this paragraph characterize a treaty and decisions of this Court, which speak for themselves and are the best evidence of their contents.

35. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are vague and ambiguous, in that the allegations do not identify what they mean by "consistent enforcement" and which specific fisheries they claim the regulatory definition of harm protected, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the third sentence of this paragraph consist of legal conclusions to which no response is required.

36. Federal Defendants deny the allegations in this paragraph.

37. The allegations in this paragraph are legal conclusions to which no response is required.

38. In response to the allegations in this paragraph, Federal Defendants admit that NMFS is an agency of the Department of Commerce, and that NMFS has responsibility, as delegated by the Secretary of Commerce, for administering the ESA with regard to certain threatened and endangered marine species, including the Puget Sound Chinook salmon, Puget Sound steelhead, and Southern Resident killer whales.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

39. In response to the allegations in this paragraph, Federal Defendants admit that FWS is an agency of the Department of the Interior, and that FWS has responsibility, as delegated by the Secretary of the Interior, for administering the ESA with regard to certain threatened and endangered terrestrial and freshwater species, including the bull trout.

40. The allegations in this paragraph are legal conclusions to which no response is required.

41. The allegations in this paragraph characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.

42. The allegations in this paragraph are legal conclusions to which no response is required.

43. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences in this paragraph, including the citations following those sentences.

44. The allegations in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

45. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

46. Regarding the allegations in the first sentence of this paragraph, Federal Defendants admit that Swinomish and Squaxin Island Tribe ("Squaxin"), among other tribes, are co-managers of certain fisheries in Puget Sound along with the Washington Department of Fisheries. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph.

47. The allegations in this paragraph characterize a decision of this Court, which speaks for itself and is the best evidence of its contents. Regarding the allegations in the footnote following this paragraph, the first and second sentences of the footnote contain Plaintiffs' characterization of the case to which no response is required. The third sentence of the footnote contains legal conclusions to which no response is required.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

48. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

49. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

50. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

51. The allegations in the first and second sentences of this paragraph are vague and ambiguous, in that the allegations do not identify the regulatory mechanisms they claim regulate and limit their fisheries, or which mechanisms restrict fisheries “in certain areas,” and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph.

52. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify the regulatory mechanisms, enforcement actions, or specific fish species to which these allegations relate, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

53. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify which species are in issue, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

54. The allegations in this paragraph and in the footnote cited in this paragraph characterize scientific studies, which speak for themselves and are the best evidence of their contents.

55. The allegations in this paragraph are vague and ambiguous, in that the allegations lack definitions on the meaning of what is especially important and essential to salmonids, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

56. The allegations in this paragraph and in the footnote cited in this paragraph characterize a scientific study and a technical report, which speak for themselves and are the best evidence of their contents.

57. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify any action taken by the Tribes, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

58. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify with specificity any scientific studies or fisheries management efforts funded by the Tribes, habitat restoration efforts funded or carried out by the tribes, or ways in which the tribes have participated in Section 7 consultation or Section 10 permitting, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

59. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

60. The allegations in this paragraph characterize the 2005 Skagit Chinook Recovery Plan, which speaks for itself and is the best evidence of its contents.

61. The allegations in this paragraph characterize the 2005 Skagit Chinook Recovery Plan, which speaks for itself and is the best evidence of its contents.

62. In response to the allegations in this paragraph, Federal Defendants admit that the Skagit River System Cooperative has undertaken an estuary restoration project at Similk Bay. The remaining allegations in this paragraph are vague and ambiguous, in that the allegations do not identify with specificity the restoration projects, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

63. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify the "numerous processes associated with implementation of ESA Section 10 and ESA Section 7" in which Swinomish participates, and therefore Federal Defendants deny them


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

64. The allegations in this paragraph characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents.

65. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

66. The allegations in this paragraph are vague and ambiguous, in that the allegations do not identify how Swinomish participated in Section 10 permitting for the Forests and Fish Habitat Conservation Plan, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

67. The allegations in this paragraph are vague and ambiguous, in that the allegations do not specify what they mean by "risks undermining the implementation" of the Habitat Conservation Plan, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

68. The allegations regarding Section 7, Section 10, and habitat conservation plans are vague and ambiguous, in that the allegations do not say in what capacity or capacities Squaxin participates in Section 7 consultations, habitat conservation plans, or in which local plans, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

69. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

70. The allegations in this paragraph characterize the 2005 South Puget Sound Chinook and Bull Trout Recovery Plan, which speaks for itself and is the best evidence of its contents.

71. The allegations in this paragraph characterize the Green Diamond Habitat Conservation Plan, which speaks for itself and is the best evidence of its contents.

72. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.



U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

73. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

74. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

75. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

76. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

77. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

78. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

79. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

80. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

81. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize rescinded regulations in the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph characterize the ESA and rescinded regulations in the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

82. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

83. The allegations in this paragraph are vague and ambiguous, in that it is not clear how Plaintiffs allege Federal Defendants "followed" the guidance or in what circumstances they found that degradation of habitat constituted "harm" or "take," and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

84. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

85. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

86. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

87. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

88. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

89. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

90. The allegations in this paragraph characterize a rulemaking in a Federal Register notice, which speaks for itself and is the best evidence of its contents.

91. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

92. In response to the allegations in this paragraph, Federal Defendants admit that the Tribes submitted comments on the proposed rescission via the Federal eRulemaking Portal within the public comment period. The remaining allegations in this paragraph characterize the comments on the rule, which speak for themselves and are the best evidence of their contents.

93. The allegations in this paragraph characterize Plaintiff Swinomish's submission on Regulations.gov, which speaks for itself and is the best evidence of its contents. The allegation in the first sentence of this paragraph that Plaintiff Swinomish's submission constituted best available scientific information is also a legal conclusion to which no response is required.

94. In response to the allegations in this paragraph, Federal Defendants admit they received approximately 358,000 public comments by the close of the public comment period.

The remaining allegations in this paragraph and the footnote at the end of the characterize submissions to Regulations.gov and a news article, which speak for themselves and are the best evidence of their contents.

95. Federal Defendants admit that the Services received comments on the proposed rescission of the regulatory definition of harm from the following: Cowlitz Tribe; Lower Elwha Klallam Tribe; Nisqually Indian Tribe; Nooksack Indian Tribe; Puyallup Tribe of Indians; Quileute Tribe; Quinault Indian Nation; Sauk-Suiattle Indian Tribe; Skokomish Indian Tribe; Snoqualmie Tribe; Stillaguamish Tribe of Indians; Tulalip Tribes; Confederated Tribes of the Umatilla Indian Reservation; Confederated Tribes and Bands of the Yakama Nation; and the State of Washington. The remaining allegations in this paragraph characterize those comments, which speak for themselves and are the best evidence of their contents.

96. Federal Defendants admit that the Services received comments on the proposed rescission of the regulatory definition of harm from the following: Big Pine Paiute Tribe of the Owens Valley; Bishop Paiute Tribe; Cheyenne River Sioux Tribe; Fallon Paiute Shoshone Tribe; Hoopa Valley Tribe; Nez Perce Tribe; Confederated Tribes of Warm Springs; and Pueblo of San Felipe. The remaining allegations in this paragraph characterize those comments, which speak for themselves and are the best evidence of their contents.

97. The allegations in this paragraph characterize Swinomish's comments on the proposed rescission of the regulatory definition of harm, which speak for themselves and are the best evidence of their contents.

98. The allegations in this paragraph characterize Swinomish's and Squaxin's comments on the proposed rescission of the regulatory definition of harm, which speak for themselves and are the best evidence of their contents.

99. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize former regulations in the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the



U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

second sentence of this paragraph, and the citation following that sentence, characterize a Ninth Circuit decision, which speaks for itself and is the best evidence of its contents.

100. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

101. The allegations in this paragraph characterize a Ninth Circuit decision, which speaks for itself and is the best evidence of its contents.

102. The allegations in this paragraph characterize D.C. Circuit, Supreme Court, and Ninth Circuit decisions, which speak for themselves and are the best evidence of their contents.

103. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

104. The allegations in this paragraph characterize a regulation in the Code of Regulations, which speaks for itself and is the best evidence of its contents.

105. Federal Defendants deny the allegations in this paragraph. The second sentence of this paragraph also characterizes a regulation in the Code of Regulations, which speaks for itself and is the best evidence of its contents.

106. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

107. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

108. The allegations in this paragraph characterize the requirements and text of an Executive Order, which speaks for itself and is the best evidence of its contents.

109. The allegations in this paragraph characterize a Joint Secretarial Order, which speaks for itself and is the best evidence of its contents.

110. The allegations in this paragraph characterize judicial decisions, which speak for themselves and are the best evidence of their contents.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

111. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

112. Federal Defendants deny the allegations in this paragraph.

113. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

114. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

115. The allegations in this paragraph are legal conclusions to which no response is required.

116. Federal Defendants deny the allegations in this paragraph.

117. Federal Defendants deny the allegations in this paragraph.

118. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

119. Federal Defendants deny the allegations in this paragraph.

120. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

121. Federal Defendants deny the allegations in this paragraph.

122. Federal Defendants deny the allegations in this paragraph.

123. Federal Defendants deny the allegations in this paragraph.

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to them, Federal Defendants hereby assert that Plaintiffs have failed to properly effect service on all Federal Defendants.

Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Dated: September 18, 2026

Respectfully Submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney
SARA M. WARREN, Trial Attorney
United States Department of Justice
Energy and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741(Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov