UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

SWINOMISH INDIAN TRIBAL COMMUNITY and SQUAXIN ISLAND TRIBE, federally recognized Indian Tribes;

Plaintiffs,

v.

NATIONAL MARINE FISHERIES SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE

Defendants.

No. 2:26-cv-02473

JOINT STATUS REPORT

TO THE CLERK OF THE COURT:

The parties jointly submit this Status Report per the Minute Entry for proceedings held before District Court Judge Tiffany M. Cartwright on September 29, 2026. This filing applies to each of the three pending cases challenging the Federal Defendants' rescission of the "harm" definition under the Endangered Species Act ("ESA"), Case No. 2:26-cv-02473, Case No. 3:26-cv-05788, and Case No. 2:26-cv-02474. The parties submit the following proposals regarding combined briefing, as well as schedules for pleading, motions, and cross-motions on


**ZIONTZ CHESTNUT LLP**
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

dispositive issues. The parties' proposals regarding (I) combined briefing and summary judgment page limits, and (II) a case schedule are set forth, in turn, below.

## I. <u>COMBINED BRIEFING AND SUMMARY JUDGMENT PAGE LIMITS</u>

The Parties have agreed that Plaintiffs may file one or more briefs at each stage of summary judgment briefing, so long as their briefs do not exceed a cumulative word count. For example, Plaintiffs may file two briefs, one for all Tribal Plaintiffs and one for Plaintiffs CBD et al., so long as the total word count between the briefs does not exceed the cumulative word limit ordered by the Court. The parties disagree over what cumulative word limits should apply and have set forth their competing proposals below. The Parties agree that Federal Defendants shall have the same total number of words for briefing summary judgment as the Plaintiffs.

## II. <u>SCHEDULE AND WORD LIMITS</u>

Plaintiffs and Federal Defendants disagree as to a schedule for and the sequencing of summary judgment briefing. Plaintiffs' position and Federal Defendants' position are set forth, in turn, below.

**<u>PLAINTIFFS' POSITION</u>**: Plaintiffs' proposed schedule is as follows:

**A. Pleadings**

i. By **October 8, 2026**, Puyallup Tribe of Indians shall file their amended and supplemental complaints.

ii. Swinomish Indian Tribal Community and Squaxin Island Tribe shall file their amended and/or supplemental complaint(s) when their Notice of Intent ripens, no later than November 3.

**B. Administrative Record and Related Motions**

i. By **October 9, 2026**, Federal Defendants shall file the Administrative Record.

ii. By **October 23, 2026**, Plaintiffs shall file one combined motion regarding any need to complete or supplement the administrative record, the applicability of



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

any exceptions to record review, and/or the need for judicial review of extra-record materials.

iii. By **November 6, 2026**, Federal Defendants shall file an opposition to any such motion.

iv. By **November 13, 2026**, Plaintiffs shall file a reply to any such motion.

Plaintiffs contend that any Administrative Record issues should be resolved prior to any briefing on dispositive motions. Plaintiffs are challenging significant changes to the Endangered Species Act regulations with an administrative record containing over 350,000 comments. 91 Fed. Reg. 43,300, 43,302. As a matter of fairness, Plaintiffs should be permitted to see, review, and resolve any issues regarding the administrative record before dispositive motions briefing begins, as is typical in cases of this nature. Claims brought under the Administrative Procedure Act are reviewed on the administrative record, and despite Federal Defendants' argument that this case presents purely legal issues, Plaintiffs are the ones bringing these claims and pursuing relief. Moreover, this will ensure an orderly progression of the case and ensure that the Parties are working from the same, resolved record rather than potentially briefing based on contested materials. Accordingly, if there is motions practice related to the Administrative Record, Plaintiffs request that the briefing schedule be paused until those issues are resolved. If there is not record-related motions practice, Plaintiffs propose the schedule for cross motions for summary judgment set forth below.

**C. Cross-Motions for Summary Judgment**

To establish an orderly procedure that allows for review of the Administrative Record before dispositive motions briefing, coordination required for combined or partially combined briefing, and for Plaintiffs to file the first motion for summary judgment because they have the burden of proof in these proceedings, Plaintiffs propose the schedule set forth below. In Plaintiffs' collective experience, this schedule reflects standard practice for challenges under



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

the Administrative Procedure Act. If any dispositive motion is filed out of sequence with the schedule, Plaintiffs request that it be held in abeyance until its respective deadline.[1]

1. By **November 20, 2026**, Plaintiffs shall file their motions for summary judgment.
    a. Plaintiffs' cumulative word limit for their briefs shall be **13,000 words**.
2. By **January 15, 2027**, Federal Defendants shall file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment.
    a. Federal Defendants' word limit for their combined brief shall be **16,000 words**.
3. By **February 26, 2027,** Plaintiffs shall file their opposition to Federal Defendants' combined cross-motion for summary judgment and reply in support of their motion for summary judgment.
    a. Plaintiffs' cumulative word limit for their combined briefs shall be **13,000 words**.
4. By **March 26, 2027**, Federal Defendants shall file their reply in support of their cross-motion for summary judgment.
    a. Federal Defendants' word limit for their brief shall be **10,000 words**.

[1] Federal Defendants' quotation of the plaintiffs' argument in *Fa'asao Amerika Samoa et al. v. Nat'l Marine Fisheries Serv. et al.*, 1:26-cv-438-JAO-KJM (D. Haw.), ignores the fact that their own contrary briefing in that same case argued that proceeding to merits briefing before allowing time "to compile and lodge [an] administrative record—or for trial counsel to have a reasonable opportunity to review and brief the Court based on that agency administrative record—ignores fundamental principles of administrative law." *Fa'asao Amerika Samoa et al. v. Nat'l Marine Fisheries Serv. et al.*, 1:26-cv-438-JAO-KJM (D. Haw.) (brief filed by Federal Defendants on Sep. 9, 2026). Such statements merely reflect that all parties may argue that different procedures may be appropriate in different cases. In this case, Plaintiffs' proposal offers a more reasonable procedure to address the merits, for the reasons stated above.



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

**<u>FEDERAL DEFENDANTS' POSITION</u>:**

Federal Defendants' schedule proposed below would best serve the public interest by allowing a quicker resolution of any regulatory uncertainty caused by Plaintiffs' lawsuits challenging the Rescission Rule. Federal Defendants propose to file their motion for summary judgment by October 9, 2026, as permitted by Federal Rule of Civil Procedure 56, which provides that a party may "file a motion for summary judgment *at any time* until 30 days after the close of discovery." Fed. R. Civ. P. 56(b) (emphasis added). While Federal Defendants agree that Plaintiffs bear the burden of proof, there is no reason that Plaintiffs cannot do so in a cross-motion for summary judgment, as opposed to a motion for summary judgment, and Plaintiffs have presented no reason for the Court to prevent Federal Defendants from filing their motion.

In an effort to obtain Plaintiffs' agreement on the sequencing of summary judgment briefing, Federal Defendants proposed a compromise under which they would consent to Plaintiffs filing their contemplated supplemental and amended complaints (limited to additional claims challenging Federal Defendants' recently issued memoranda regarding the Rescission Rule and the Endangered Species Act Section 7 consultation claims noticed in Plaintiffs' 60-Day Notice of Intent to Sue letters). Federal Defendants maintain that the claims Plaintiffs seek to add regarding the agencies' memoranda are inappropriately raised in this lawsuit and could delay the resolution of these cases challenging the Rescission Rule. Notwithstanding this position, in the event that the Court enters Federal Defendants' schedule proposed below, they will consent to Plaintiffs' supplemental and amended complaints in the interest of a speedy resolution of all matters. Should briefing proceed on the more delayed schedule proposed by Plaintiffs, Federal Defendants propose that briefing on their motions for leave to supplement and amend their complaints proceed on the deadlines provided by the Court's Local Rules.



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

Plaintiffs also have provided no valid reason that summary judgment should wait for resolution of any Administrative Record motions in a case involving purely legal issues. As counsel for the *CBD* Plaintiffs recently argued themselves:

> Even if Defendants did not produce the administrative record . . . the Court can still resolve the issues presented "because they are limited to legal issues that do not depend on the administrative record, aside from the few key documents the parties [can] cite[] in their motions." *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1116 (N.D. Cal. 2017) (rejecting argument that summary judgment is "premature" before administrative record has been lodged)."

*Fa'asao Amerika Samoa et al. v. Nat'l Marine Fisheries Serv. et al.*, 1:26-cv-438-JAO-KJM, Dkt. No. 23 at 12 (D. Haw. Sept. 14, 2026) (brief filed by Earthjustice, counsel in Case No. 2:26-cv-2474 (W.D. Wash.)). Here too, the questions presented by Plaintiffs' complaints are purely legal questions of statutory interpretation and of what, if anything, was required by the Endangered Species Act and the National Environmental Policy Act. *See id.* (arguing that "whether a biological opinion was required [under the ESA]) is a legal question"). Thus, any disputes about the Administrative Record are irrelevant to the Court's resolution of the merits, and motion practice over such disputes should not be a basis to delay the parties' summary judgment briefing. *See California*, 277 F. Supp. 3d at 1116 (in actions for review of agency action, questions of law may be decided on summary judgment without an administrative record).

For these reasons, Federal Defendants ask that the Court enter the following schedule:

**<u>Supplemental and Amended Pleadings</u>**

- The *Swinomish* and *Puyallup* Plaintiffs shall file their supplemental and amended complaints after their respective 60-Day Notice of Intent to Sue letters ripen.
- If the *Swinomish* and *Puyallup* Plaintiffs assert their noticed ESA Section 7 claims or supplemental claims challenging Federal Defendants' recently issued memoranda in pleadings filed after Federal Defendants' summary judgment brief(s) are filed, the Court's


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

resolution of the same claims in the *CBD* Plaintiffs' supplemental complaint shall apply to all such claims.

- Briefing on Plaintiffs' motions for leave to supplement and amend their complaints:
  - If Federal Defendants' proposed summary judgment schedule is entered: Federal Defendants consent to Plaintiffs filing of supplemental complaints challenging the recently issued memoranda regarding the Rescission Rule and amended complaints asserting the Endangered Species Act Section 7 consultation claims noticed in their 60-Day Notice of Intent to Sue letters.
  - If Plaintiffs' proposed summary judgment schedule is entered: Briefing will proceed according to the deadlines established by the Local Rules.

**Administrative Record and Related Motions**

- By **October 9, 2026**, Federal Defendants shall file the Administrative Record.
- By **October 23, 2026,** Plaintiffs shall file one combined motion regarding any perceived need to complete or supplement the administrative record, the applicability of any exceptions to record review, and/or the need for judicial review of extra-record materials.
- By **November 6, 2026,** Federal Defendants shall file an opposition to any such motion.
- By **November 13, 2026**, Plaintiffs shall file any reply in support of their motion.

**Cross-Motions for Summary Judgment**

- By **October 9, 2026**, Federal Defendants shall file their motion for summary judgment.
  - Federal Defendants' word limit for this brief shall be **12,000 words**.
- By **November 13, 2026**, Plaintiffs shall file their combined cross-motion for summary judgment and opposition to Federal Defendants' motion for summary judgment.
  - Plaintiffs' cumulative word limit for their combined briefs shall be **16,000 words**.
- By **December 11, 2026**: Federal Defendants shall file their opposition to Plaintiffs' combined cross-motion for summary judgment and reply in support of their motion for summary judgment.
  - Federal Defendants' word limit for this brief shall be **12,000 words**.
- By **January 11, 2027**: Plaintiffs shall file their combined reply in support of their cross-


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

motion for summary judgment.

- Plaintiffs' cumulative word limit for their combined briefs shall be **8,000 words**.

Respectfully submitted this 1st day of October, 2026.

/s/Wyatt Golding
Wyatt Golding, WSBA No. 44412

ZIONTZ CHESTNUT LLP
2101 4th Avenue, Suite 1230
Seattle, WA 98121
wgolding@ziontzchestnut.com
T: 206-448-1230
F: 206-448-0962

*Attorney for Plaintiff Swinomish Indian Tribal Community*

/s/Amalia R. Walton
Amalia R. Walton, WSBA No. 36754

Squaxin Island Tribe
3711 SE Old Olympic Hwy
Shelton, WA 98584
awalton@squaxin.us
(360) 432-1771 | Phone
(360) 432-3699 | Fax

*Attorney for Plaintiff Squaxin Island Tribe*

*s/Jane Steadman*
Jane Steadman, WSB No. 44395

*s/Laura Boyer*
Laura Boyer, OSB No. 261755*

Kanji & Katzen, P.L.L.C.
811 1st Ave., Suite 640
Seattle, WA 98104
(206) 344-8100
jsteadman@kanjikatzen.com
lboyer@kanjikatzen.com
* *appearing pro hac vice*

*s/ Lisa A. Anderson*
Lisa A. Anderson, WSB No. 27877

Puyallup Tribe of Indians
3002 Duct Cho Street
Tacoma, WA 98404
(253) 573-7852
Lisa.Anderson@PuyallupTribe-nsn.gov

*Attorneys for Puyallup Tribe of Indians*

*s/ Kristen Boyles*
Kristen L. Boyles (WA Bar No. 23806)
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T: (206) 343-7340
kboyles@earthjustice.org

Timothy J. Preso (MT Bar No. 5255)
(pro hac vice)
Earthjustice
P.O. Box 4743
Bozeman, MT 59772-4743
T: (406) 586-9699
tpreso@earthjustice.org

*Attorneys for Center for Biological Diversity et. al*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney
SARA M. WARREN, Trial Attorney
United States Department of Justice
Energy and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741(Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov
sara.warren@usdoj.gov

*Counsel for Federal Defendants*