The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY et al.;<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE et al.<br><br>Defendants. | Case No. 2:26-cv-02473-TMC<br><br>PLAINTIFFS SWINOMISH INDIAN TRIBAL COMMUNITY AND SQUAXIN ISLAND TRIBE'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>November 24, 2026 |

**INTRODUCTION**

On July 14, 2026, Plaintiffs Swinomish Indian Tribal Community and Squaxin Island Tribe (collectively, "the Tribes") filed their complaint against the U.S. Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") (collectively, "the Services"), seeking declaratory and injunctive relief under the Administrative Procedure Act ("APA") for the Services' joint decision to rescind their regulatory definitions of "harm" under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544 ("the Rescission"). Dkt. 1. On


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

the same day, the Tribes sent the Services a notice of intent to sue under the Endangered Species Act, 16 U.S.C. § 1540.

On September 18, 2026, the Services filed their answer. Dkt. 10. The Tribes now respectfully move for leave under Fed. R. Civ. P. 15(a)(2) and 15(d) to amend and supplement their Complaint (Dkt. 1) with the Proposed First Amended and Supplemental Complaint appended as Attachment 2.

## BACKGROUND

This motion reflects two events that occurred after the filing of the Complaint. First, the Tribes' notice of intent to sue under Section 11 of the Endangered Species Act, 16 U.S.C. § 1540, ripened such that the Tribes seek to amend the Complaint to add ESA claims to their litigation. These claims are already part of the consolidated case due to the respective prior amendments of plaintiffs the Puyallup Tribe of Indians and Center for Biological Diversity, et. al. Second, FWS and the National Oceanic and Atmospheric Administration ("NOAA") finalized new definitions of the term "take" under the ESA, which they published in internal memoranda. These new agency actions require amendment and supplementation of the Complaint.

Section 7 of the ESA, 16 U.S.C. § 1536(a)(2), requires that Federal agencies conduct consultation to "insure that any action authorized, funded, or carried out" by Federal agencies "is not likely to jeopardize" listed species or "result in the destruction or adverse modification of habitat of such species." Consultation is required for any action that "may affect" listed species or critical habitat, including rulemaking. 50 C.F.R. §§ 402.02-.03, .14(a). The Services did not conduct § 7 consultation for the Rescission, determining that consultation was not required, despite the Services' own recognition that habitat degradation is a "significant threat"


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

to many listed species. Rescinding the Definition of "Harm" Under the Endangered Species Act, 91 Fed. Reg. 43,300, 43,306, 43,310 (July 14, 2026). The ESA provides for citizen suits to enforce its provisions. 16 U.S.C. § 1540(g). Prior to bringing suit, a plaintiff must provide at least sixty days' notice to the agency. 16 U.S.C. § 1540(g)(2)(A)(i). The Tribes sent a Notice of Intent to Sue to the Services via certified mail on July 14, 2026, the same day the Rescission was issued and that the Tribes filed their Complaint. Golding Decl. ¶ 5. Due to mail delivery issues, the last Notice was received by all required officials on or before September 2, 2026. *Id.* ¶ 6-8.

Meanwhile, on September 14, 2026, FWS Director Brian Nesvik issued a memorandum to the "FWS directorate" titled "Scope of the Endangered Species Act's 'take' prohibition following the Harm Rule (91 Fed. Reg 43300)" ("FWS Memo," attached to the Proposed First Amended and Supplemental Complaint as Exhibit B). The same day, NOAA General Counsel John Luce issued an identical memo to the sections of NOAA's Office of General Counsel that oversee NMFS ("NOAA Memo," attached to the Proposed First Amended and Supplement Complaint as Exhibit C). These memos (collectively, "Take Memos") purport to interpret the Rescission, which repealed the regulatory definition of "harm." The Take Memos, however, assert a much broader, new regulatory definition of "take."

Plaintiffs Center for Biological Diversity et al. and Puyallup Tribe of Indians previously filed motions to supplement their complaints. *See* Dkt. 19; Dkt. 25 in case no. 2:26-cv-2474. In the briefing on those motions, those Plaintiffs provided extensive background on the Take Memos. *See also* Dkt. 21 (Plaintiffs' joint reply). We incorporate that information here.



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P 15(d), and the Court's Scheduling Order, Dkt. 16, the Tribes move to amend their complaint with a claim for failure to consult under ESA § 7 and supplement their complaint with allegations and claims relating to the issuance of the Take Memos. The Tribes conferred with the Federal Defendants, who oppose the Tribes' motion.

## ARGUMENT

The Tribes move for leave to amend under Fed R. Civ. P. 15(a)(2). Courts "should freely give leave," Fed. R. Civ. P. 15(a)(2) and permit amendment "unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment." *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025) (citation modified). Courts also consider the number of previous amendments, if any. *Id.* Prejudice "carries the greatest weight," and undue delay alone is insufficient to deny amendment. *Id.*

This same standard has been applied to motions to supplement a complaint under Fed. R. Civ. P. 15(d). *See, e.g., Bio Energy (Wash.), LLC v. King County*, No. 2:23-cv-00542, 2024 WL 1974340 at *2 n.3 (W.D. Wash. May 3, 2024) (noting "the legal standard . . . under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend" (citation modified)). Rule 15(d) grants a court discretion to "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date" of the prior pleading. The rule permits adding new parties if necessary. *See Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 227 (1964). Use of Rule 15(d) is "favored" as a means to promote "judicial economy and convenience" by allowing related matters to be heard together. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

/



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

## I. Amendment is Timely, In Good Faith, and Not Prejudicial or Futile

The Tribes seek to amend under Fed. R. Civ. P. 15(a)(2) to add a claim for failure to consult under ESA § 7, 16 U.S.C. § 1536(a)(2). The court should grant leave to amend, as no factors provide a basis for denial. First, there is no undue delay or bad faith in the Tribes' amendment. The Tribes promptly mailed sixty-day notices of intent to sue to the Services as required by 16 U.S.C. § 1540(g) and are moving to amend just one day after the end of the notice tolling period. *See* Golding Decl. ¶ 5-6. The motion also complies with the Court's scheduling order, which set a November 3 deadline for any motion to amend or supplement. Dkt. 16 at 4. The Tribes diligently followed procedural requirements and amended to add the ESA § 7 claims as soon as possible.

Second, allowing amendment will not prejudice the Defendants. Defendants have been aware that the Tribes planned to add ESA § 7 claims since at least September 2. Golding Decl. ¶ 6. In the Joint Status Report filed October 1, Defendants themselves proposed that the Tribes file their supplemental and amended complaints when their sixty-day notice of intent letter ripened. Dkt. 15 at 6. The Tribes are doing so now. Further, other Plaintiffs in the consolidated case have already amended their complaints as of right to include nearly identical ESA § 7 claims, so Defendants face little additional burden in responding to the Tribes' claims. *See* Dkt. 18; Dkt. 18 in case no. 2:26-2474.

Lastly, amendment is not futile—and this is the first time the Tribes have amended. Amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Here, the Tribes' amendment easily meets this threshold


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

requirement. The Tribes challenge the Services' failure to consult, which is required when an agency action "may affect" listed species or habitat. 50 C.F.R. § 402.14(a). The Tribes have plausibly stated a violation of the ESA, pursuant to the ESA's citizen suit provision, 16 U.S.C. § 1540(g)(1)(A), and substantiated the merit of those claims with detailed factual allegations, supporting declarations from Tribal leaders, and extensive comments and scientific studies submitted to the administrative record. Any challenge on the merits should be brought in dispositive briefing, not to block amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

## II. Supplementation is Timely, In Good Faith, and Not Prejudicial or Futile

The Tribes also seek to supplement their complaint under Fed. R. Civ. P. 15(d) to add claims relating to the Services' subsequent issuance of the Take Memos. Plaintiffs Center for Biological Diversity et al. and Puyallup Tribe of Indians' prior briefing thoroughly explains why supplementation to address the Take Memos should be granted under Rule 15(d). *See* Dkt. 19; Dkt. 21; Dkt. 25 in case no. 2:26-cv-2474. For purposes of judicial economy, the Tribes incorporate that briefing and provide only a condensed additional explanation here.

The Tribes' supplementation is not unduly delayed or in bad faith. The Tribes are adding claims relating to conduct that occurred after the Tribes filed their Complaint. The Services issued the Take Memos on September 14 and expressly characterized them as related to the challenged Rescission at issue before this Court. *See* Ex. B at 2; Ex. C at 2. Since then, the Tribes have diligently worked to verify the memos (which have never been published by the Services), research claims, and draft their supplemental complaint—while also handling ongoing filings related to scheduling and the Administrative Record. Filing their amended and

supplemental complaints together allows for the efficient resolution of any motions on a single briefing schedule, and the Tribes could not file their amended complaint any sooner. The Tribes' motion also complies with the Court's scheduling order, Dkt. 16, and Defendants have been on notice that the Tribes planned to supplement since at least the Joint Status Conference on September 29, 2026. Dkt. 14.

Further, supplementing the Complaint to address the Services' issuance of the Take Memos is an efficient way to address the Services' new and ongoing violations and will not prejudice the Services. No dispositive motions have been filed yet, and Plaintiffs' Motion to Complete or Supplement the Administrative Record, Dkt. 23, has not been resolved. Supplementing the Tribes' complaint adds little additional burden for Defendants, as the other Plaintiffs have already moved to supplement with the same claims. *See* Dkt 19; Dkt. 25 in case no. 2:26-cv-2474. The Take Memos purport to interpret the Rescission, so addressing them as part of this case makes sense and promotes judicial economy.

Finally, supplementation is not futile. The Tribes' supplemental complaint states claims for which relief can be granted. *See Missouri ex rel. Koster*, 847 F.3d at 656. The Tribes allege the Take Memos are final agency action subject to notice-and-comment rulemaking, as they create rights, impose obligations and effect a change in existing law by going beyond the Rescission to adopt a new regulatory definition of "take." *See* 5 U.S.C. §§ 551, 553; *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (final agency action (1) marks the "consummation" of decision-making and (2) determines rights or obligations, or has legal consequences); *see also, e.g, Syncor Int'l Corp. v. Shalala*, 127 F.3d 90, 95 (D.C. Cir. 1997) (an agency must conduct notice and comment rulemaking when it "modifies or adds to a legal norm based on the agency's own authority"). The Tribes further allege that the Services failed to provide a


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

rational justification for the Take Memos' new "take" definition, and that the definition is inconsistent with the text and structure of the ESA, making the Memos "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under the APA. 5 U.S.C. § 706(2)(A).

The Tribes have standing to bring these claims, as they have alleged that the Take Memos' new definition will injure their interests in the protection and recovery of ESA-listed species, and impact their procedural rights associated with regulated entities obtaining incidental take authorizations. The Tribes state plausible APA claims challenging the Take Memos that merit supplementation. Requiring the Tribes to file these claims in a separate action will be detrimental to judicial economy, as it will result in duplicative pleadings and briefing on the structure, text and history of the ESA, the Rescission, and the Take Memos' relationship to the Rescission. Disagreement on the merits of these claims should be resolved in dispositive briefing. *Foman*, 371 U.S. at 182.

Additionally, supplementation should be allowed to include the Take Memos as relevant, permissible, extra-record evidence for the Tribes' APA, NEPA and ESA § 7 claims. In relation to the Tribes' existing APA claims, the Court may consider the Take Memos as extra-record evidence "necessary to determine whether the agency has considered all relevant factors and explained its decision." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Documents issued contemporaneously to a challenged agency action can help a court assess whether the agency "articulate[d] a satisfactory explanation." *League of Women Voters v. Newby*, 838 F.3d 1, 10 (D.C. Cir. 2016) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *see also Tourus Records, Inc. v. DEA*,


ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

259 F.3d 731, 738 (D.C. Cir. 2001) (contemporaneous explanations of agency decisions are "appropriate subjects for [the court's] consideration" in judicial review of agency action).

The Take Memos, issued on the same day the Rescission became effective, purport to explain the "[s]cope of the Endangered Species Act's 'take' prohibition following the Harm Rule." Ex. B at 2; Ex. C at 2. Federal Defendants have since argued the Memos "summarize analysis and decisions" in the Rescission. Dkt. 20 at 9. While the Tribes contest that characterization, it demonstrates that, at a minimum, the Memos explain the Services' decision and should be considered in the Court's assessment of the Tribes' APA claims to determine whether the agency gave a "satisfactory explanation." *Lands Council*, 395 F.3d at 1030.

For the Tribes' NEPA claims, the Court may permit extra-record evidence where the plaintiff alleges the agency "neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism under the rug." *Or. Nat. Res. Council v. Lowe*, 109 F.3d 521, 526-27 (9th Cir. 1997) (citation modified). And for the Tribes' ESA § 7 claim, the Court is not limited to review of the administrative record. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011). To the extent the Memos explain the Rescission, they demonstrate the extent and nature of environmental effects of the Rescission (under NEPA), and adverse effects to listed species (under the ESA) that the agencies failed to consider—including a severe rollback in ESA regulation and reduction in the incidental take permitting procedures that have been in place for decades.

Supplementation should be permitted to allow consideration of the Take Memos both as independent final agency actions, and as extra-record evidence that contemporaneously



ZIONTZ CHESTNUT LLP
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

explains the Services' decision and informs the Court's analysis of the Tribes' APA, NEPA and ESA § 7 claims.

**CONCLUSION**

For these reasons, the Tribes respectfully request the Court grant their Motion for Leave to File First Amended and Supplemental Complaint.

Respectfully submitted this 3rd day of November, 2026. I certify that this memorandum contains 2,567 words, in compliance with the Local Civil Rules.

/s/Wyatt Golding
Wyatt Golding, WSBA No. 44412

/s/Eleanor Bohn
Eleanor Bohn WSBA No. 63894

ZIONTZ CHESTNUT LLP
2101 4th Avenue, Suite 1230
Seattle, WA 98121
wgolding@ziontzchestnut.com
lelliott@ziontzchestnut.com
ebohn@ziontzchestnut.com
T: 206-448-1230
F: 206-448-0962

/s/Weston LeMay
Weston LeMay, WSBA No. 51916

Swinomish Indian Tribal Community
Office of Tribal Attorney
11404 Moorage Way
La Conner, WA 98057
ehaley@swinomish.nsn.us
wlemay@swinomish.nsn.us
(360) 708-0391

*Attorneys for Plaintiff Swinomish Indian Tribal Community*

/s/Amalia R. Walton

Amalia R. Walton, WSBA No. 36754

Squaxin Island Tribe
3711 SE Old Olympic Hwy
Shelton, WA 98584
awalton@squaxin.us
(360) 432-1771 | Phone
(360) 432-3699 | Fax

*Attorney for Plaintiff Squaxin Island Tribe*