The Honorable Tiffany M. Cartwright

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>Federal Defendants. | Case No. 2:26-cv-02473-TMC<br><br>Consolidated Cases: 3:26-cv-05788-TMC; 2:26-cv-02474-TMC<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO AMEND CASE SCHEDULE [ECF NO. 24]** |



U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1
BACKGROUND .......... 2
ARGUMENT .......... 3
I. Plaintiffs' motion is a request for reconsideration of the Court's decision not to pause summary judgment briefing, and their request is untimely .......... 3
II. Plaintiffs identify no new facts, legal authority, or good cause to reconsider the Scheduling Order. .......... 4
CONCLUSION .......... 7


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Garner v. Amazon.com, Inc.*,
No. 2:21-CV-00750-RSL, 2024 WL 3998805 (W.D. Wash. Aug. 26, 2024) ........................... 7

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604
(9th Cir. 1992)........................................................................................................... 4

*Kona Enters., Inc. v. Est. of Bishop*, 29 F.3d 877
(9th Cir. 2000)........................................................................................................... 4

*Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863
(N.D. Cal. 2014)........................................................................................................ 3

*Smith v. Uttecht*, No. 2:21-CV-00940-TL, 2025 WL 346638
(W.D. Wash. Jan. 30, 2025)......................................................................................... 3

*TCI Cablevision of Wash., Inc. v. Aivaz*, No. C98-665C, 1998 WL 34028582
(W.D. Wash. Dec. 9, 1998).......................................................................................... 3

*Ctr. for Biological Diversity v. Burgum*, No. 2:26-cv-02474-TMC,
(W.D. Wash. Oct. 1, 2026)…………………………………………………………………8


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

**INTRODUCTION**

The Court should reject Plaintiffs' attempt to get a second bite at the scheduling apple by untimely reopening the Court's previous ruling on the parties' competing scheduling proposals. Although styled as a motion to amend the Court's scheduling order, Plaintiffs' motion is, in substance, a request that the Court reconsider a decision it made after weighing the parties' competing case management proposals. Despite obtaining the briefing deadlines and word limits *they requested*, Plaintiffs now ask the Court to extend their briefing deadlines and enlarge their word limits largely because they are dissatisfied that the Court omitted a single term contained in their proposal—that summary judgment briefing be stayed until Plaintiffs' administrative record motion is resolved. Because Plaintiffs seek to reopen argument on a prior ruling rather than seek relief under a Rule 16 scheduling order, their motion should be governed by Local Civil Rule 7(h), not the more lenient "good cause" standard on which they rely.

Motions for reconsideration are disfavored and may be granted only upon a showing of manifest error or newly discovered facts or legal authority that could not previously have been presented with reasonable diligence. LCR 7(h)(1). They also must be presented at a time within fourteen days of the order. LCR 7(h)(2). Plaintiffs make neither showing. Instead, seventeen days after the deadline to seek reconsideration passed, they now recycle the same arguments they presented earlier: that administrative-record disputes may affect the schedule, that related litigation proceeds on different timelines, and that additional time and words would be helpful to coordinate among multiple plaintiff groups. The Court was aware of those arguments when it entered the scheduling order, which largely reflected Plaintiffs' own proposal.

Plaintiffs' dissatisfaction with an element of the Court's prior ruling is not a basis for reconsideration, and Plaintiffs should not be permitted to evade the demanding standard of Local Civil Rule 7(h)(1) simply by relabeling their motion as one to amend a scheduling order. Because Plaintiffs fail to identify any manifest error, new facts, intervening legal authority, or good cause warranting reconsideration, their motion should be denied.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

## BACKGROUND

At the September 29 status conference, Federal Defendants asked that record issues and summary judgment be briefed simultaneously and that Plaintiffs file a single combined brief; Plaintiffs sought a staggered schedule and separate briefs. Minute Order, ECF No. 14. In the Joint Status Report that followed, the parties agreed that Plaintiffs could file "one or more briefs" within a single cumulative word limit but disagreed on the cumulative word limit. Joint Status Report, ECF No. 15 at 2. The parties also proposed identical deadlines for any record motion, with briefing to close November 13, *id.* at 2–3, 7. The remaining dispute was over briefing deadlines for summary judgment motions and whether summary judgment should wait on record issues. Plaintiffs asked that briefing "be paused" if a record motion was filed and proposed later briefing deadlines that would apply only "[i]f there is not record-related motions practice." *Id.* at 3. Federal Defendants opposed any "pause" and proposed briefing deadlines under which summary judgment briefing would conclude over two months earlier than under Plaintiffs' deadlines. *Id.* at 6.

The Court largely adopted Plaintiffs' proposal. While the Court adopted Plaintiffs' summary judgment briefing deadlines, it did so without adopting Plaintiffs' requested "pause" for record-related motions practice:

| | Plaintiffs' initial proposal (ECF No. 15 at 2-4) | Scheduling Order (ECF No. 16 at 4-5) | Plaintiffs' new delay request (ECF No. 24 at 5) |
|---|---|---|---|
| Close of record motion briefing | Nov. 13, 2026 | Nov. 13, 2026 | --- |
| Summary judgment briefing if there is a record dispute | Paused until record disputes resolved | Pause not adopted | "Delayed" with further extensions if record incomplete by Dec. 10 |
| Plaintiffs' summary judgment motion deadline and word limit | Nov. 20, 2026 (13,000 words) | Nov. 20, 2026 (13,000 words) | Jan. 15, 2027 (18,000 words) |
| Federal Defendants' summary judgment motion/opposition deadline and word limit | Jan. 15, 2027 (16,000 words) | Jan. 15, 2027 (16,000 words) | Feb. 26, 2027 (21,000 words) |
| Plaintiffs' opposition/ reply deadline and word limit | Feb. 26, 2027 (13,000 words) | Feb. 26, 2027 (13,000 words) | Apr. 9, 2027 (18,000 words) |


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

| | | | |
|---|---|---|---|
| Federal Defendants' reply deadline and word limit | Mar. 26, 2027 (10,000 words) | Mar. 26, 2027 (10,000 words) | May 21, 2027 (15,000 words) |

Federal Defendants lodged the administrative record on October 7. Notice of Filing the Joint Admin. R., ECF No. 17. Plaintiffs filed a Motion to Complete or Supplement the Administrative Record on October 23, ECF No. 23, and then filed this motion on November 2, Pls.' Mot., ECF No. 24. In other words, Plaintiffs filed this motion twenty-four days after receiving the administrative record, thirty-one days after the Court entered the Scheduling Order, and just eighteen days before their opening briefs are due.

## ARGUMENT

### I. Plaintiffs' motion is a request for reconsideration of the Court's decision not to pause summary judgment briefing, and their request is untimely.

Plaintiffs' current request to "pause" summary judgment briefing following a record dispute was already squarely presented to the Court. *Compare* ECF No. 24 at 3-4, with ECF No. 15 at 3. The Court did not adopt Plaintiffs' proposal. Unsatisfied, Plaintiffs take a second bite at the apple. Plaintiffs' request is a motion for reconsideration, however it is captioned. *See Smith v. Uttecht*, No. 2:21-CV-00940-TL, 2025 WL 346638, at *2 (W.D. Wash. Jan. 30, 2025) (finding that a Rule 60(b) motion was "more properly considered a request for reconsideration under Local Civil Rule 7(h)" because the party's "request that the Court [] revisit [its] ruling is a request for reconsideration, not a request for relief from a judgment or order"); *TCI Cablevision of Wash., Inc. v. Aivaz*, No. C98-665C, 1998 WL 34028582, at *8 (W.D. Wash. Dec. 9, 1998) ("Though styled a motion for clarification, the Court will consider it as a motion for reconsideration, as it in substance requests the Court to reexamine its [prior] Order[.]"); *see also Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 869 (N.D. Cal. 2014) ("The Court will not exalt form over substance and permit a party to circumvent the applicability of [the applicable Local Rule] merely by avoiding the 'motion for reconsideration' label.").

A motion for reconsideration must be filed "within fourteen days after the order to which it relates is filed," and noncompliance is itself grounds for denial. LCR 7(h)(2). The Court issued


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

the Scheduling Order on October 2, so the deadline for Plaintiffs' motion was October 16. Plaintiffs did not bring the current motion until November 2. In their motion, Plaintiffs argue that the Scheduling Order "did not include a critical element" of their proposal. ECF No. 24 at 3. But if they believed the Court overlooked their request to pause summary judgment briefing, LCR 7(h)(2) required them to say so within 14 days—not a month later, after filing their record motion, and on the eve of summary judgment briefing. The untimeliness of Plaintiffs' motion alone warrants denial.

The motion also fails under LCR 7(h)(1). "Motions for reconsideration are disfavored." LCR 7(h)(1). The Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). These interests would be undermined if a party could ask the Court to amend a previous Order simply because the Order did not incorporate a desired term the party previously advocated for, while sidestepping the heavy burden applicable to reconsideration by disguising their request as a motion to amend. Likely for this reason, as discussed below, Plaintiffs do not claim there has been manifest error, nor do they identify new facts or law to support their request.[1]

## II. Plaintiffs identify no new facts, legal authority, or good cause to reconsider the Scheduling Order.

The Court's Scheduling Order should be left in place. Plaintiffs' motion repeats four familiar arguments as to why the Court should reconsider its Scheduling Order to give them a higher word limit and more time for briefing. None of Plaintiffs' arguments shows any error or

[1] Plaintiffs ask the Court to apply Rule 16(b)(4)'s good cause standard instead of LCR 7(h). ECF No. 24 at 2. But the result would be the same. Good cause "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party that proposes a schedule, obtains it, and then seeks to replace it based on circumstances it knew of when it made the proposal has not been diligent.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

identifies any new fact or legal authority. Even if the Court applied the more lenient "good cause" standard under Rule 16, none of the bases provided by Plaintiffs for their requested changes constitute good cause.

*First*, Plaintiffs complain that the Court's Order "did not include a critical element of Plaintiffs' proposal, which was that 'if there is motions practice related to the Administrative Record, Plaintiffs request that the briefing schedule be paused until those issues are resolved.'" ECF No. 24 at 3 (citation omitted). But the absence of this term in the Scheduling Order does not demonstrate any error in the Court's ruling; it merely emphasizes that Plaintiffs are asking the Court to reconsider the schedule on the basis of an argument the Court already considered and rejected.[2] This recycled argument does not show any new factual or legal developments. Both Plaintiffs and Federal Defendants anticipated that Plaintiffs might file a motion to complete the administrative record and indeed accounted for that possibility when developing their proposed schedules for the Court's consideration.[3]

Even setting aside that Plaintiffs' pending motion on the administrative record is obviously not an unexpected factual or legal development, the facts do not warrant delaying summary judgment briefing given their record motion. Plaintiffs' argument is based on sheer speculation, first, that the Court will grant their motion to supplement the record and, second, that "there is no time in the existing schedule for Federal Defendants to produce the complete record or for Plaintiffs to review it." ECF No. 24 at 3. More problematic, nothing in Plaintiffs' record motion shows that Plaintiffs are unable to move for summary judgment based on the record and documents available to them. Indeed, Plaintiffs are preparing summary judgment briefs and have access to the vast majority of documents at issue in their record motion, including the public comments

---

[2] Indeed, an entire paragraph of Plaintiffs' motion to amend the Court's Scheduling Order simply quotes Plaintiffs' previous argument from the parties' joint status report about how "Plaintiffs should be permitted to see, review, and resolve any issues regarding the administrative record before dispositive motions briefing begins[.]" *Id.* at 3-4.

[3] Plaintiffs had Federal Defendants' administrative record for 24 days before they filed the instant motion asking the Court to extend their summary judgment deadlines. *See* Fed. Defs.' Notice of Filing the Joint Admin. R., ECF No. 17.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

submitted during the rulemaking and the Take Memos. *See* ECF No. 23 at 9-13. The record motion does not establish that summary judgment briefing is precluded because of missing documents. *See, e.g.*, Fed. R. Civ. P. 56(d). Finally, Plaintiffs admit their request for more time is not driven by allegedly missing documents, as they ask the Court to delay this case even if the Court denies their record motion "entirely." ECF No. 24 at 5 n.2.

*Second*, Plaintiffs argue that amending the current schedule will not "frustrate [Federal Defendants'] aims" of avoiding delay in obtaining regulatory certainty because "there are similar [] challenges to the Harm Rule Rescission" in other courts, and Plaintiffs' new requested schedule "will not extend beyond those of other cases addressing the same government actions." *Id.* at 4. But the existence of other cases challenging the same rule on different schedules does not demonstrate any error, let alone a manifest error, in the Court's Scheduling Order. Nor do these cases or their schedules constitute "new facts or legal authority" impacting how this Court should manage its docket in this case, especially considering the other cases—and the prospect for different schedules in those cases—were pending when Plaintiffs submitted their scheduling proposal in this case.[4]

*Third*, Plaintiffs argue that the cumulative word limit for their opening summary judgment brief(s) and their opposition/reply brief(s) should each be expanded by 5,000 words—increasing the total briefing from 52,000 to 72,000 words—because they are "making every effort to eliminate as much duplication as possible in their briefs, but given different interests and perspectives, it has become clear that the proposed cumulative word limit was overly ambitious." ECF No. 24 at 4. Plaintiffs were aware of their different interests and perspectives when *they proposed* the 13,000 cumulative word limit that the Court adopted. Those differences were the very reason that Plaintiffs requested an enlarged word count to begin with, even though the three Plaintiff groups are asserting the *same claims*. The fact that Plaintiffs are struggling with efforts to eliminate

[4] Indeed, Plaintiffs themselves told the Court that "all parties may argue that different procedures may be appropriate in different cases." ECF No. 15 at 4 n.1.


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

duplication does not demonstrate any error by the Court, nor does it constitute new facts or legal authority warranting reconsideration of the Court's Scheduling Order.[5]

*Fourth*, Plaintiffs' argument that the current cumulative word count does "not fully account for the addition of the claims based on the later-released Take Memos that are the subject of Plaintiffs' motions to supplement the complaints" also fails. ECF No. 24 at 5. The Take Memos were released prior to the September 29 status conference and Plaintiffs' plans to supplement their complaints with claims regarding the Memos were addressed in their Joint Status Report regarding scheduling, *see* ECF No. 15 at 2, 5-7. In fact, the Center for Biological Diversity Plaintiffs filed a motion to supplement their Complaint with these claims one day *before* the Court issued its Scheduling Order. *See* Pls.' Mot. for Leave to File First Suppl. Compl., *Ctr. for Biological Diversity v. Burgum*, No. 2:26-cv-02474-TMC, (W.D. Wash. Oct. 1, 2026), ECF No. 25. Thus, there is no reason why Plaintiffs' previously proposed word limit would "not fully account" for these plainly anticipated claims. In any event, because the Take Memos restate the Final Rule's interpretation, any claims about them—if permitted at all—would add little to Plaintiffs' brief and certainly would not justify a wholesale revision to the Court's Scheduling Order. *See* Fed. Defs.' Opp. to Pls.' Mot. for Leave to File Supp. Compls., ECF No. 20.

## CONCLUSION

Plaintiffs received the summary judgment schedule they proposed. The one request the Court did not adopt—pausing briefing while record disputes are resolved—was presented and opposed before the Court ruled. Plaintiffs' motion asks the Court to revisit that ruling. The motion was filed seventeen days after the deadline LCR 7(h)(2) sets for such a request, it relies on an argument the Court already had before it, and it identifies neither manifest error nor a new fact that

---

[5] Plaintiffs' comparison to the word limits for three separate motions (ECF No. 24 at 5 & n.1) assumes there are three separate cases. But the Court here consolidated the cases because they "share common questions of law and fact." ECF No. 16 at 2-3; *see Garner v. Amazon.com, Inc.*, No. 2:21-CV-00750-RSL, 2024 WL 3998805, at *1 (W.D. Wash. Aug. 26, 2024) (noting relevance of LCR 7(e) word limits in cases involving multiple parties, when the parties' interests and arguments align).


U.S. Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-9741

matters. Nor have Plaintiffs shown good cause. Each of Plaintiffs' proffered reasons for their request—their pending record motion, the other courts' schedules, Plaintiffs' differing interests, and the Take Memos—was either known when Plaintiffs made their scheduling proposal or has no bearing on their ability to meet the schedule. The Court therefore should deny Plaintiffs' Joint Motion to Amend Case Schedule, ECF No. 24, and leave the Scheduling Order, ECF No. 16, in place, with Plaintiffs' summary judgment motions due November 20, 2026.

Dated: November 12, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS
Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741 (Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov

*Attorneys for Federal Defendants*